IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNTECK/TTS INTEGRATION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:23-cv-00282 |
| v. | § | |
| | § | |
| | § | |
| SUNTECK TRANSPORTATION, INC., | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Sunteck/TTS Integration, LLC respectfully files this Complaint complaining of Defendant Sunteck Transportation, Inc., and for causes of action shows as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and monetary damages for Defendant's unauthorized use of the SUNTECK mark in connection with Defendant's transportation logistics business. Defendant's activities are causing actual confusion in the marketplace as to the source, origin and affiliation of Defendant's services, constituting trademark infringement. Despite actual and constructive notice of Plaintiff's rights in the SUNTECK and SUNTECKTTS marks ("Plaintiff's Marks"), as evidenced in part by United States Patent & Trademark Office Registration No. 5780731 (SUNTECKTTS), and despite written demands that Defendant cease and desist from using Plaintiff's Marks and any confusingly similar designation, Defendant's infringing conduct persists. As a result, Plaintiff has suffered, is suffering, and unless preliminary and permanent relief is entered by the Court, will continue to suffer ongoing irreparable harm due to Defendant's infringing activity.

## PARTIES

2. Plaintiff is a Delaware limited liability company with a place of business at 14785 Preston Road, Suite 850, Dallas, Texas 75254.

3. Upon information and belief, Defendant is a Washington corporation with a principal place of business at 1400 112th Avenue SE, Suite 100, Bellevue, Washington 98004.

## VENUE AND JURISDICTION

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff asserts claims for damages pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. ("Lanham Act").  This Court has supplemental jurisdiction over all other claims asserted pursuant to 28 U.S.C. §§ 1367.

5. Defendant has sufficient minimum contacts with the State of Texas in order to subject Defendant to personal jurisdiction.  Upon information and belief, Defendant transacts business within the State of Texas and in this District using Plaintiff's Marks, and knew that the injury from its unlawful conduct would be felt primarily by Plaintiff in this District.  Further, Defendant directs advertisements for Defendant's transportation logistics services to customers or potential customers in this District using Plaintiff's Marks.  Upon information and belief, Defendant purposefully directed its unlawful conduct to this forum and at Plaintiff, which is located in this District.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391.

## FACTS

7. Plaintiff belongs to the MODE Global family of companies, one of the largest full-service transportation and logistics organizations in North America, with over 200 independently owned and operated agent offices across the United States and Canada.

8. Plaintiff owns the SUNTECK trademark and the SUNTECKTTS trademark, which is registered with the United States Patent & Trademark Office under Reg. No. 5780731. Since at least as early as 2017, Plaintiff has continuously and exclusively used Plaintiff's Marks to indicate the source of Plaintiff's transportation logistics services.

9. Plaintiff has invested substantial time, effort and financial resources into developing and promoting Plaintiff's Marks, and as a result enjoys significant goodwill and value in Plaintiff's Marks in connection with transportation logistics services.

10. Plaintiff offers transportation logistics services through its website, accessible at www.suncktts.com, which site is conspicuously marked with the registered SUNTECKTTS trademark, and also owns the official www.suntecktransport.com domain name, comprised primarily of Plaintiff's SUNTECK trademark.

11. Defendant, on the other hand, is a new company formed on September 13, 2022. Defendant provides competing transportation logistics services under the name SUNTECK, which is confusingly similar to Plaintiff's Marks.

12. On information and belief, Defendant did not provide transportation logistics services prior to September 13, 2022.

13. Defendant had actual and constructive knowledge of Plaintiff's rights in Plaintiff's Marks prior to adopting the infringing SUNTECK name for use in connection with competing services.

14. Defendant's use of the confusingly similar and infringing SUNTECK name to promote and provide transportation logistics services in the United States has caused actual confusion among relevant consumers in the marketplace.

15. Defendant continues to profit off Plaintiff's goodwill, causing irreparable injury.

## CAUSES OF ACTION

### COUNT ONE: FEDERAL TRADEMARK INFRINGEMENT

16. Defendant's actions constitute trademark infringement through the use of words, terms and symbols and combinations thereof, false designations of origin, and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of Defendant's services or other commercial activities.

17. Defendant's actions constitute false designation of origin and false descriptions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. Defendant's actions have caused and are causing great and irreparable injury and damage to Plaintiff, and such irreparable injury will continue unless temporarily and permanently restrained by this Court.

19. Defendant's actions constitute willful infringement of Plaintiff's rights.

### COUNT TWO: INJURY TO BUSINESS REPUTATION OR TRADEMARK UNDER TEXAS LAW

20. Defendant's conduct constitutes acts likely to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's Marks in violation of Section 16.103 of the Texas Business and Commerce Code.

21. Defendant's actions have caused and are causing great and irreparable injury and damage to Plaintiff, and such irreparable injury will continue unless temporarily and permanently restrained by this Court.

22. Defendant's actions constitute willful infringement of Plaintiff's rights.

### COUNT THREE: COMMON LAW TRADEMARK INFRINGEMENT

23. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the

origin, sponsorship or approval of Defendant's services or other commercial activities.

24. Defendant's actions constitute willful trademark infringement in violation of the common law.

25. Defendant's actions have caused and are causing great and irreparable injury and damage to Plaintiff, and such irreparable injury will continue unless temporarily and permanently restrained by this Court.

### COUNT FOUR: COMMON LAW UNFAIR COMPETITION

26. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services or other commercial activities.

27. Defendant's actions constitute unfair competition in violation of the common law.

28. Defendant's actions have caused and are causing great and irreparable injury and damage to Plaintiff, and such irreparable injury will continue unless temporarily and permanently restrained by this Court.

### JURY DEMAND

29. Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendant ordering and declaring as follows:

a. That Defendant is liable to Plaintiff for all causes of action and demands for damages asserted by Plaintiff in this action.

b. That Defendant's conduct was willful.

c. That Defendant, and each of its owners, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with any of them, be temporarily and permanently enjoined and restrained from:

      i. using for any purposes whatsoever, including on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, distribution or rendering of any goods or services, the designation SUNTECK;

      ii. representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive consumers into believing, that Defendant's goods or services originated with Plaintiff, or that there is any affiliation or connection between Plaintiff and Defendant or their products or services, and from otherwise unfairly competing with Plaintiff, including by using SUNTECK on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, distribution or rendering of any goods or services; and

      iii. using or applying for registration of any trademark, service mark or domain name containing SUNTECK or any confusingly similar designation.

d. That Defendant be required, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court and to serve upon Plaintiff within 30 days after service upon Defendant of this Court's injunction issued in this action, a written report by Defendant under oath setting forth in detail the manner in which Defendant has complied with the injunction.

e. That Plaintiff have and recover all damages, actual or otherwise, including profits, as a result of the infringement and wrongful conduct of Defendant.

f. That Plaintiff have and recover its reasonable attorney's fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

g. That Plaintiff have and recover its taxable costs and disbursements of this action.

h. That Plaintiff have and recover all pre- and post-judgment interest on all amounts awarded to Plaintiff in this action.

i. That Plaintiff have such other and further relief as the Court may deem just and proper.

Date: February 8, 2023  Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**

By: _____
 Jason E. Mueller
  Texas Bar No. 24047571
  jmueller@sheppardmullin.com
 Robert E. Hough II
  Texas Bar No. 24101931
  rhough@sheppardmullin.com
 Sheppard Mullin Richter & Hampton, LLP
 2200 Ross Avenue, Suite 2000
 Dallas, Texas 75201
 Phone: (469) 391-7400
 Fax: (469) 391-7401

**ATTORNEYS FOR PLAINTIFF
SUNTECK/TTS INTEGRATION, LLC**